IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10037
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMON REID,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-62-ALL-H
--------------------
March 5, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

    Ramon Reid appeals his convictions for armed bank robbery,
in violation of 18 U.S.C. §§ 2113(a) and (d), and for using a
firearm during and in relation to a crime of violence, in
violation of 18 U.S.C. § 924(c).  He argues that the district
court erred in denying his motion to suppress the written
statement he gave to officers.  Reid contends that the statement
was taken unlawfully after he had invoked his right to counsel
and was the result of coercion.

---

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Reid's argument is unavailing. Despite his request for counsel, Reid initiated contact with officers, expressing a general desire to discuss the robbery. He was given his Miranda warnings several times prior to giving the statement, and the statement he signed in fact contained a copy of the warnings. Moreover, the last paragraph of Reid's statement specifically notes that, although he originally requested counsel, Reid waived that right after initiating contact with the officers, seeking to confess. The facts from the suppression hearing show that Reid's statement was voluntary, informed, and not the result of any coercion. The suppression motion was thus properly denied. See Oregon v. Bradshaw, 462 U.S. 1039, 1045-46 (1983); Edwards v. Arizona, 451 U.S. 477, 484-85 (1981); Miranda v. Arizona, 384 U.S. 436, 466 (1966).

Reid next argues that the evidence was insufficient to support his convictions because the eyewitness to the robbery, Linda Sykes, did not testify that she saw him with a gun, only that she saw a "weapon." This argument is similarly without merit.

The use of a firearm is an essential element of both of Reid's convictions. See 18 U.S.C. §§ 924(c) and 2113(a) and (d). Sykes testified that Reid "flashed" a weapon at her during the robbery and that she believed from his actions that he was carrying a gun. Officers found a loaded gun in a holster at Reid's waistband when arresting him. Reid also admitted in his signed statement that he had carried a loaded gun into the bank.

Based on this evidence, the jury determined that Reid had brandished the gun during the robbery for the purpose of intimidating Sykes.  Viewing the evidence in the light most favorable to the prosecution, any reasonable jury could have found the evidence sufficient to support such a finding.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Reid additionally contends that a certain comment by the prosecutor during closing arguments amounted to the Government's vouching for Sykes' credibility and thus constituted prosecutorial misconduct.  Even if it is assumed that the challenged comment was improper, the argument fails because Reid has not demonstrated that it affected his substantial rights.  See United States v. Munoz, 150 F.3d 401, 414-15 (5th Cir. 1998).  The prejudicial effect of the statement was slight and does not cast doubt upon the correctness of the jury's verdict given the district court's instructions to the jury and the overwhelming evidence of Reid's guilt.  See United States v. Anchondo-Sandoval, 910 F.2d 1234, 1237 (5th Cir. 1990); United States v. Iredia, 866 F.2d 114, 117 (5th Cir. 1989).

Reid also argues that the prosecutor "misled" the jury concerning Sykes' testimony about whether he had a gun; he contends that the prosecutor improperly stated that Sykes testified that she saw a gun, when in fact, she stated only that she saw a weapon.  The argument is patently frivolous.

Reid's final contention is that even if none of the arguments he raises constitutes reversible error standing alone, they should be considered cumulatively to have deprived him of a

fair trial, in violation of his due-process rights.  This argument fails for the reason that Reid has demonstrated no trial error whatsoever.  His convictions are therefore AFFIRMED.